# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                           No. 1:19-cr-4272-WJ

KAYLA BAKER,

    Defendant.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT 2 OF THE INDICTMENT

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Count 2 of the Indictment [Doc. 17], filed December 12, 2019. The Court heard argument on the motion on March 3, 2020. Doc. 35. Defendant is charged with Involuntary Manslaughter (Count 1) and Assault of a Minor Resulting in Serious Bodily Injury (Count 2). Doc. 2. Defendant requests the Court dismiss Count 2 because it lacks a mens rea as to Jane Doe's alleged minor status. Count 2 states:

> On or about June 16, 2018, in Indian Country, in McKinley County, in the District of New Mexico, the defendant, **KAYLA BAKER**, an Indian, assaulted Jane Doe, a minor, and the assault resulted in serious bodily injury. In violation of 18 U.S.C. §§ 1153, 113(a)(6), and 3559(f)(3).

*Id.* at 2. Minor status under § 3559(f)(3) adds an element that increases the potential sentence from a maximum of ten years to a mandatory minimum of ten years with a maximum of life. Congress, however, did not state a mens rea in § 3559(f)(3). Defendant's motion raises the question of whether a mens rea as to Jane Doe's alleged minor status is required.

"We start, as always, with the language of the statute." *Dean v. United States*, 556 U.S. 568, 572 (2009) (quoting *Williams v. Taylor*, 529 U.S. 420, 431 (2000)). Section 3559(f)(3), which Congress added as a part of the Adam Walsh Child Protection and Safety Act, states:

> A person who is convicted of a Federal offense that is a crime of violence against the person of an individual who has not attained the age of 18 years shall . . . if the crime of violence results in serious bodily injury . . . be imprisoned for life or for any term of years not less than 10.

No mens rea is stated, and "we ordinarily resist reading words or elements into a statute that do not appear on its face." *Dean*, at 572 (quoting *Bates v. United States*, 522 U.S. 23, 29 (1997)). Congress, however, stated a mens rea in the next subsection of § 3559:

> If a defendant who is convicted of a felony offense . . . *knowingly* falsely registered a domain name and *knowingly* used that domain name in the course of that offense, the maximum imprisonment otherwise provided by law for that offense shall be doubled or increased by 7 years, whichever is less.

§ 3559(g)(1) (*emphasis* added). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Dean*, at 573 (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). As Chief Justice Roberts explained: "If a sign at the entrance to a zoo says 'come see the elephant, lion, hippo, and giraffe,' and a temporary sign is added saying 'the giraffe is sick,' you would reasonably assume that the others are in good health." *N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 940 (2017). Section 3559(g)(1) has a mens rea, whereas § 3559(f)(3) does not. Had Congress intended § 3559(f)(3) to have a mens rea, it is reasonable to presume Congress would have stated one like it did in § 3559(g)(1).

Defendant, however, asserts a mens rea as to Jane Doe's alleged minor status is required. Defendant first argues that in the absence of congressional intent to the contrary, the common law rule disfavoring statutes that dispense with a mens rea dictates that result. Doc. 17 at 5–6. Defendant explains that the Supreme Court has stated that the "existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence" and that the Supreme Court has often followed that rule by requiring a mens rea for statutes that are silent as to

one. *Staples v. United States*, 511 U.S. 600, 605 (1994) (quoting *United States v. United States Gypsum Co.*, 438 U.S. 422, 436 (1978)). Defendant offers the Supreme Court's decision in *Staples* as an example, where the Supreme Court held that the presumption in favor of a mens rea and the absence of language dispensing with a mens rea indicated that Congress intended to criminalize possessing a machinegun only when a defendant knew the gun they possessed was actually a machinegun. *Id.* at 619. The Supreme Court, in coming to that holding, emphasized that without a mens rea potentially innocent conduct would be criminalized:

> We concur in the Fifth Circuit's conclusion on this point: "It is unthinkable to us that Congress intended to subject such law-abiding, well-intentioned citizens to a possible ten-year term of imprisonment if . . . what they genuinely and reasonably believed was a conventional semi-automatic [weapon] turns out to have worn down into or been secretly modified to be a fully automatic weapon."

*Id.* at 615 (quoting *United States v. Anderson*, 885 F.2d 1248, 1254 (5th Cir. 1989)).

A few months later in *United States v. X-Citement Video, Inc.*, the Supreme Court, citing *Staples*, clarified "that the presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct." 513 U.S. 64, 72 (1994). The Supreme Court did so when explaining that the minor status element in a statute regarding material involving the sexual exploitation of minors requires a mens rea because "the age of the performers is the crucial element separating legal innocence from wrongful conduct." *Id.* at 73. Last term, the Supreme Court reemphasized this principle in *Rehaif v. United States*:

> Whether a criminal statute requires the Government to prove that the defendant acted knowingly is a question of congressional intent. *See Staples v. United States*, 511 U.S. 600, 605 (1994). In determining Congress' intent, we start from a longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding "each of the statutory elements that criminalize otherwise innocent conduct."

139 S.Ct. 2191, 2195 (2019) (quoting *X-Citement Video, Inc.*, 513 U.S. at 72).

Jane Doe's alleged minor status is a fact that increases the mandatory minimum sentence

and, therefore, is an element that must be presented to the jury. *See Alleyne v. United States*, 570 U.S. 99, 108 (2013) ("Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt."). Jane Doe's alleged minor status, however, is not an "element separating legal innocence from wrongful conduct" because without a mens rea it does not criminalize otherwise innocent conduct. *X-Citement Video, Inc.*, 513 U.S. at 72. Assaulting Jane Doe is wrongful conduct irrespective of her alleged minor status and, therefore, a mens rea as to Jane Doe's alleged minor status is not required.

It is also "not unusual to punish individuals for the unintended consequences of their *unlawful* acts. The felony-murder rule is a familiar example: If a defendant commits an unintended homicide while committing another felony, the defendant can be convicted of murder." *Dean*, 556 U.S. at 575 (citations omitted). Sir William Blackstone explained it best:

> "[I]f any accidental mischief happens to follow from the performance of a *lawful* act, the party stands excused from all guilt: but if a man be doing any thing *unlawful*, and a consequence ensues which he did not foresee or intend, as the death of a man or the like, his want of foresight shall be no excuse; for, being guilty of one offence, in doing antecedently what is in itself unlawful, he is criminally guilty of whatever consequence may follow the first misbehaviour."

*Id.* at 575–76 (quoting 4 W. Blackstone, Commentaries on the Laws of England 26–27 (1769)). Someone who commits assault assumes the risk that the person they assault is a minor. One should not commit assault in the first place to avoid the mandatory minimum sentence in § 3559(f)(3).

Defendant next argues that the potential sentence imposed under § 3559(f)(3) indicates a mens rea as to Jane Doe's alleged minor status is required. Doc. 17 at 6–8. Defendant explains that § 3559(f)(3) increases the potential sentence from a maximum of ten years to a mandatory minimum of ten years with a maximum of life and that not having a mens rea despite such a significant increase would be a departure from Congressional practice and Supreme Court precedent. Defendant points to *Staples* again as an example, in which the Supreme Court explained that "a severe

penalty is a further factor tending to suggest that Congress did not intend to eliminate a mens rea requirement." *Staples*, 511 U.S. at 618. The driving factor behind the Supreme Court's decision in *Staples*, however, was not the severe penalty, but rather that without a mens rea potentially innocent conduct would be criminalized. *Id.* at 615. And since *Staples*, the Supreme Court has consistently held that a court is required to read a mens rea into a statute only when necessary to separate wrongful conduct from otherwise innocent conduct. *X-Citement Video, Inc.*, 513 U.S. at 72 ("[T]he presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct."); *Carter v. United States*, 530 U.S. 255, 269 (2000) ("The presumption in favor of scienter requires a court to read into a statute only that mens rea which is necessary to separate wrongful conduct from 'otherwise innocent conduct.'"); *Elonis v. United States*, 135 S.Ct. 2001, 2010 (2015) (When interpreting federal criminal statutes that are silent on the required mental state, we read into the statute "only that mens rea which is necessary to separate wrongful conduct from 'otherwise innocent conduct.'"); *Rehaif* 139 S. Ct. at 2195 ("In determining Congress' intent, we start from a longstanding presumption, traceable to the common law, that Congress intends to require a defendant to possess a culpable mental state regarding 'each of the statutory elements that criminalize otherwise innocent conduct.'").

Defendant's final argument for requiring a mens rea as to Jane Doe's alleged minor status is that sentencing individuals under § 3559(f)(3) in the absence of a mens rea would do nothing to advance the legislative purpose underlying § 3559(f)(3). Doc. 17 at 8–9. Defendant argues that § 3559(f)(3) was passed as part of the Adam Walsh Child Protection and Safety Act to deter crimes of violence against children, not crimes that have the incidental consequence of causing harm to children, and thus, dispensing with a mens rea for the alleged minor status would do nothing to deter crimes of violence against children. In theory, Defendant's argument is appealing because if

5

Congress intended § 3559(f)(3) to deter crimes of violence against children, one might expect that in order for § 3559(f)(3) to apply, Congress would require a defendant to know the victim was a minor. However, the Supreme Court has been clear that when interpreting a statute that is silent as to a mens rea, courts are to read a mens rea into the statute only when necessary to separate wrongful conduct from otherwise innocent conduct, and that guidance dictates the result of this motion. *See X-Citement Video, Inc.*, 513 U.S. at 72.

There is limited case law on § 3559(f)(3). That said, at the hearing on this motion, the United States offered a jury instruction from a case tried in the District of Montana concerning the same charge at issue here: Assault Resulting in Serious Bodily Injury of an Individual Under the Age of 18 in violation of 18 U.S.C. §§ 1153(a), 113(a)(6), and 3559(f)(3). The instruction did not include a mens rea for the alleged victim's minor status. It required only that the United States prove that "at the time of the assault, M.L. was under the age of eighteen years." *United States v. Lieba*, No. 4:16-cr-51-BMM, Doc. 63 at 15 (D. Mont. July 27, 2017). The Ninth Circuit affirmed *Lieba* on appeal, although the issue as to whether a mens rea is required for the alleged victim's minor status was not specifically raised. The Ninth Circuit, however, did explain that

> To prove that Mr. Lieba committed assault resulting in serious bodily injury on an individual under eighteen in violation of 18 U.S.C. §§ 113(a)(6) and 3559(f)(3), the government must show (1) that Mr. Lieba intentionally struck or wounded a person; (2) *that the person was younger than eighteen at the time*; and (3) that the assault caused the person serious bodily injury.

*United States v. Lieba*, 730 F. App'x 480, 482 (9th Cir. 2018) (*emphasis* added), *cert. denied*, 139 S. Ct. 576 (2018). A mens rea for the alleged victim's minor status was not mentioned.

Congress did not state a mens rea in § 3559(f)(3), and courts should resist reading elements into a statute that do not appear on its face. Had Congress intended § 3559(f)(3) to have a mens rea, it is reasonable to presume that Congress would have stated one like it did in § 3559(g)(1).

6

Additionally, this Court is not required to read a mens rea into § 3559(f)(3) because the Court is not faced with the prospect of separating wrongful conduct from otherwise innocent conduct because again, assaulting Jane Doe is wrongful conduct irrespective of her alleged status as a minor.

For the above stated reasons, the Court finds that a mens rea as to Jane Doe's alleged minor status is not required. Accordingly, Defendant's Motion to Dismiss Count 2 of the Indictment is **DENIED.**

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**