**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                                       No. 1:19-cr-04272-WJ-1

KAYLA BAKER,

       Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' REQUEST FOR UPWARD VARIANCE

THIS MATTER is before the Court on the United States' Sentencing Memorandum and Motion for Upward Variance (Doc. 79). The United States requests an upward variance to 72 months of incarceration. Defendant filed a Sealed Sentencing Memorandum and requested that the Court vary downwards to a sentence of 15 months of incarceration (Doc. 78). For the reasons set forth in this opinion, and in accord with the Court's imposition of Defendant's sentence on August 29, 2022, the Court GRANTS the United States' Motion for Upward Variance and sentences Defendant to 60 months imprisonment followed by three years of supervised release.

## BACKGROUND

On June 16, 2018, Defendant was travelling northbound on Navajo Route 12 in the Navajo Nation at a speed of 62 miles per hour while under the influence of alcohol and THC. Doc. 75 at 6. Defendant accelerated into the oncoming lane to pass a box truck and collided head on with a black Ford Fusion. Emergency medical staff found the Fusion's driver, Jonathan Gaddy, unconscious. He was pronounced deceased from blunt trauma upon arrival at the hospital. The rear seat passenger, minor C.H., suffered a fractured femur. Police found four

empty bottles of Blue Moon beer, two empty cans of Budweiser beer, and one partially consumed bottle of Southern Comfort liquor on Defendant's front floorboard. *Id.* at 5. Defendant admitted to consuming alcohol and marijuana before the crash. Laboratory tests revealed the presence of THC in Defendant's system, a .12 blood alcohol concentration in her blood, and a .218 blood alcohol concentration in her urine. *Id.* at 6.

Defendant was indicted by a grand jury on two counts: (1) violating 18 U.S.C. §§ 1153 and 1112 (involuntary manslaughter in the territorial jurisdiction of the United States); and (2) violating 18 U.S.C. §§ 1153, 113(a)(6), and 3559(f)(3) (assault of a minor resulting in serious bodily injury in the territorial jurisdiction of the United States). In light of *Borden v. United States*, the government dismissed Count 2 of the indictment because the ten-year mandatory minimum sentence pursuant to 18 U.S.C. § 3559(f)(3) could no longer be applied. *See Borden*, 141 S. Ct. 1817, 1834 (2021) (holding that a criminal offense requiring only a mens rea of recklessness such as assault cannot count as a violent felony under the Armed Career Offender Act). In May 2022, Defendant pleaded guilty to involuntary manslaughter. Doc. 72.

Defendant's Guideline sentence calculation is undisputed. With a Criminal History Category of I and a Total Offense Level of 19, her Guideline sentencing range is 30 to 37 months. Defendant requests a downward variance to 15 months based upon her minimal criminal history and the corresponding "less[er] need for specific deterrence." Doc. 78. The United States requests an upward variance to 72 months on grounds that the involuntary manslaughter Guideline range does not adequately account for the death of the victim, as well as the need for the Court to account for Defendant's conduct alleged in the dismissed Count 2 and the immense harm suffered by the victims' family. Doc. 79.

**DISCUSSION**

After *United States v. Booker*, district courts are no longer required to sentence

defendants within the prescribed Guidelines range. 543 U.S. 220 (2005). However, they must use

the Guidelines as "the starting point and initial benchmark" in determining a sentence. *Gall v.*

*United States*, 552 U.S. 38, 49 (2007). After calculating the Guideline sentencing range, "district

courts may impose sentences within statutory limits based on appropriate consideration of all of

the factors listed in [18 U.S.C.] § 3553(a), subject to appellate review for 'reasonableness.'"

*Pepper v. United States*, 562 U.S. 476, 490 (2011) (quoting *Gall*, 552 U.S. at 49–51) (alteration

added). "If the judge decides to impose a sentence outside the Guidelines range, he must ensure

that his justification for the variance is sufficiently compelling to support the degree of the

variance." *Gall*, 552 U.S. at 50.

Pursuant to § 3553(a), District Courts must impose a sentence that is "sufficient, but not

greater than necessary to comply with the purposes [of sentencing] set forth in paragraph (2)." 18

U.S.C. § 3553(a). An appropriate sentence will consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

2. the need for the sentence imposed
   - to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, § 3553(a)(2)(A);
   - to afford adequate deterrence to criminal conduct, § 3553(a)(2)(B);
   - to protect the public from further crimes of the defendant, § 3553(a)(2)(C);
   - to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(D);

3. the kinds of sentence and the sentencing range, § 3553(a)(4);

4. the applicable policy statement, § 3553(a)(5);

5. the need to avoid unwarranted sentence disparities, § 3553(a)(6); and

6.    the need to provide restitution to any victims of the offense, § 3553(a)(7).

"[S]entencing courts 'should engage in a holistic inquiry of the § 3553(a) factors.'" *United States v. Lente*, 759 F.3d 1149, 1174 (10th Cir. 2014) (quoting *Lopez–Macias,* 661 F.3d at 492). "[T]he sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence." *United States v. Contreras–Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005). Based a review of the record, and in accordance with the applicable § 3553(a) factors, the Court finds as stated at the time the Court imposed sentence that 60 months of imprisonment followed by three years of supervised release is a sentence that is sufficient, but not greater than necessary, to satisfy the goals of sentencing.

The Court first finds that the nature and circumstances of the offense support an upward variance. Defendant had a blood alcohol content more than one and a half times the legal limit. Three hours after the crash, her urine test indicated an alcohol concentration nearly three times the legal limit. Moreover, she had THC in her system. Defendant's motor skills were highly impaired—she was unstable and required assistance from officers to stand up straight. Doc. 75. Despite her impaired driving abilities, she blindly attempted to speed past another vehicle. She later told investigators that "she could not recall any details leading up to the accident and only remembers waking up in the hospital." Doc. 75. Meanwhile, the victims were sober and innocently returning home after scouting a location for a Father's Day picnic. Defendant's actions killed Jonathan Gaddy and permanently injured C.H. The Guideline sentence does not fully account for the impact on the victim's wife, young child, and C.H, who witnessed the victim's death. *See United States v. Singer*, 825 F.3d 1151, 1160 (10th Cir. 2016) (stating effective victimization of DWI involuntary manslaughter victim's wife is an aspect of "the nature and circumstances of the offense" not adequately accounted for by the Guidelines).

4

Accordingly, the Court concludes that that nature and circumstances of the offense warrant a variance upwards.

Second, the Court turns to the purposes of sentencing set forth in § 3553(a)(2) and concludes that they demand an upward variance. The Court is convinced that a Guideline sentence in this case is insufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. "[T]he history of the involuntary manslaughter Guidelines indicates that the [Sentencing] Commission, its working groups, and others have repeatedly expressed concern that the sentencing ranges for involuntary manslaughter…are too low." *United States v. Lente*, 759 F.3d 1149 (10th Cir. 2014). Indeed, the Guideline sentence for aggravated assault resulting in serious bodily injury is higher than that for involuntary manslaughter involving reckless conduct. *Compare* U.S.S.G. § 2A1.4 (recommending sentence of 27–33 months for involuntary manslaughter involving reckless conduct) *to* U.S.S.G. § 2A2.2 (recommending sentence of 30–37 months for aggravated assault resulting in serious bodily injury). "[D]istrict courts are free to 'vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines.'" *Lente*, 759 F.3d at 1169 (quoting *Kimbrough v. United* States, 552 U.S. 85, 101 (2007)). The Court finds that an upward variance is appropriate to account for the death of Jonathan Gaddy, which in the Court's view is underrepresented in the Guidelines calculation.

Third, the Court finds that applicable policy statements counsel in favor of an upward variance pursuant to § 3553(a)(5). The Court may vary upwards to "reflect that actual seriousness of the offense" based upon a dismissed charge "that did not enter into the determination of the applicable guideline range." U.S.S.G. § 5K2.21. Here, the United States dismissed Count 2 of the indictment—the only charge that addresses the harm caused to C.H. As

a result of the crash, C.H. sustained a complex femur fracture that required multiple surgeries and continues to cause her significant pain. She was medically disqualified from her anticipated career in the United States Navy. The Guideline calculation does not account for C.H.'s injuries. Accordingly, the Court finds it appropriate to vary upwards to reflect the dismissal of Count 2 of the indictment.

Lastly, the Court considers the need to avoid unwarranted sentencing disparities and concludes that a sentence of 60 months of imprisonment is appropriate and supported by precedent. The Tenth Circuit has affirmed lengthier sentences in analogous involuntary manslaughter cases. *See United States v. Rentz*, 696 F. App'x 348 (10th Cir. 2017) (holding district court did not abuse discretion in departing upwards to an 84-month sentence for involuntary manslaughter in a vehicle collision case); *see also United States v. Singer*, 825 F.3d 1151 (10th Cir. 2016) (affirming upward variance to 75-month sentence for involuntary manslaughter involving reckless operation of a vehicle). In a nearly identical involuntary manslaughter case, the Eighth Circuit affirmed an upward variance to 72 months based upon the § 3553(a) factors. *See United States v. Grace*, 893 F.3d 522 (8th Cir. 2018) (affirming 72-month sentence for defendant who veered into oncoming traffic on Indian reservation with .211 BAC). Although *Grace* and *Singer* dealt with defendants who had prior DWI arrests, they received sentences significantly longer than 60 months.

## CONCLUSION

For the reasons stated in this opinion and on the record at Defendant's sentencing hearing, the Court finds that a sentence of 60 months imprisonment followed by three years of supervised release is sufficient, but not greater than necessary, to satisfy the goals of sentencing articulated in 18 U.S.C. § 3553(a)(2).

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE